IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD L. ASH, JR., #500105         *
            Plaintiff,
     v.                            *    CIVIL NO. WDQ-09-3327

SANDY MCMAHON              *
DAVID MATHIS
KATHLEEN GREEN              *
            Defendants.
                                  ***

MEMORANDUM

Edward Ash, Jr. has filed a civil rights complaint under 42 U.S.C. § 1983 against Nurse Sandy McMahon, Dr. David Mathis, and Eastern Correctional Institution Warden Kathleen Green. Paper No. 1. Ash seeks injunctive relief (medical attention) and "pain and suffering compensation" for the failure to adequately examine and treat a fracture to his thumb and injury to his "pinky." *Id*. Pending are Defendants' motions to dismiss or, in the alternative, for summary judgment. Paper Nos. 12 & 17. For the following reasons, the pleadings, construed as motions for summary judgment, will be granted.

I.     BACKGROUND

The medical Defendants assert--by submission of Dr. David Mathis's affidavit and Ash's medical records--that constitutionally adequate medical care has been afforded to Ash. The following information has been provided.

Ash complained of pain in his right pinky finger on April 12, 2009. An x-ray of his right hand was ordered that same day. Paper No. 12, Exs. A & B. The x-ray evinced no fracture or dislocation of his pinky, but showed an old fracture of Ash's thumb and moderate diffuse osteopenia.[1] Paper No. 12, Ex. A; Ex. B at pgs. 1 & 2. On April 18, 2009, Ash was evaluated for

---
[1] Osteopenia is a condition in which a person's bone mineral de nsity ("BMD") is lower than

continued complaints of pain in his pinky. The results of his prior right x-ray were noted. On April 30, 2009, another x-ray was requested and performed on May 6, 2009. It showed diffuse osteoporosis of the hand with soft tissue swelling and moderate degenerative joint disease of the distal interphalangeal joints of the fingers. *Id*., Ex. A; Ex. B at pg. 4. The x-ray showed no fracture of Ash's right pinky finger or thumb.

On May 4, 2009, Ash filed a sick-call request stating that he was waiting to be seen by a physician for his pinky injury. When evaluated by a physician's assistant ("P.A.") on May 6, 2009, Ash stated that he had been informed that his finger was broken and that he would be seen by a doctor. *Id*., Ex. A; Ex. B at pg. 6. He denied acute pain in his finger and did not complain of pain or tenderness when his finger was palpated. The P.A. noted that Ash's finger had a full range of motion ("ROM") and his x-rays showed an old fracture of his thumb. Ash was educated on the nature of sprains and strains of fingers. In May of 2009, Ash received Motrin for his complaints of dental pain related to an infection. The medical Defendants affirm that since May of 2009, Ash has not offered further complaints of pain in his right pinky finger.

Defendant Green adopts the exhibits presented by Defendants McMahon and Mathis with regard to injury and medical treatment and further argues that Ash has failed to allege any facts of her personal involvement in his medical care, with the exception of her response to his administrative remedy. Green affirms that she has no personal or supervisory involvement in Ash's medical care. Paper No. 17, Ex. A.

In his oppositions Ash states that he continues to seek treatment for finger injuries sustained while working his institutional job assignment. Paper No. 16. He complains that he has not seen Dr. Mathis concerning his condition. Ash alleges that he did not receive treatment for what he

---

normal peak BMD, but not low enough to be classified as osteoporosis.

believed to be a fracture to his thumb and right pinky and if, in fact, he does have continuing pain related to the diagnosis of osteoporosis, he should be receiving prescription medication to treat this chronic condition. Paper No. 16. He claims that Warden Green is not absolved of liability as she is "charged with keeping, protecting, and being an advocate for those she is contracted to oversee, as Wards of the State." Paper No. 19. Ash states that he was injured in March of 2009, but did not receive pain medication until two months later. *Id*.

II. ANALYSIS

    A. Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, "the judge's function is not…to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

    B. Eighth Amendment Claim

As an inmate claiming denial of medical care in violation of the Eighth Amendment, Ash must prove two elements: one objective and one subjective. First, he must satisfy the objective element by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If this first element is satisfied, Ash must then prove the subjective element by showing "deliberate indifference" on the part of prison officials or health care personnel. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. Health care staff are not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

Based upon the documented evidence presented, the undersigned finds that Ash has failed to show the existence of a serious medical need. Repeated x-rays of his right hand found no recent break to either his pinky or thumb. Only signs of osteopenia were noted. Ash was seen by medical personnel the month after the x-rays were performed and he denied acute pain in his pinky finger, no pain or tenderness was found on palpation, and his pinky finger had a full ROM. Further, Ash's complaints were not ignored. He was repeatedly seen by medical staff, received two x-rays of his right hand, and was educated about his condition. Ash has failed to come forward with opposition materials refuting Defendants' affirmations. His dissatisfaction with treatment amounts to nothing more than a disagreement between medical staff and an inmate as to a course of treatment, and does

not rise to a constitutional injury. *See Davis v. Greene*, 2009 WL 3064106, at *13 (S.D. W.Va. Sept. 18, 2009).

III.   CONCLUSION

Given the objective findings regarding Ash's injury and the conservative and measured response by medical personnel to Ash's subjective complaints of finger pain, Ash has failed to show a genuine issue of material fact as to his entitlement to relief. Accordingly, Defendants' motions for summary judgment will be granted. A separate Order follows.


Date: June 30, 2010                              /s/
                                          William D. Quarles, Jr.
                                          United States District Judge